DENNIS, Justice,
dissenting.
I respectfully dissent.
Collar was convicted of attempted forcible rape. The evidence against Collar consisted of evidence of seminal fluid on the couch of the victim’s apartment, testimony of a neighbor that she had been struggling with Collar, and victim’s own testimony.
Collar attempted at trial to impeach the victim’s testimony by showing that she and her family had a bias against defendant which could have impelled them to institute this suit unwarrantedly. In 1975, her Uncle Ferdinand had been convicted of armed robbery. One of the main witnesses for the prosecution in that case was Gilbert Collar, defendant herein. Collar wished to establish at trial that his involvement in Ferdinand’s conviction provided an impetus for this suit. He was prevented by the judge. The majority opinion upheld the judge’s ruling, finding that the victim had no knowledge of her uncle’s incarceration.
La.R.S. 15:492 specifically provides that
*1110 When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
Thus an accepted method of impeaching the credibility of a witness is by showing that the witness is biased or interested in the particular case on trial because of partiality as manifested by any acts, relationships, or motives reasonably likely to produce it. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); 3A Wigmore, Evidence, § 950 (Chadbourn rev. 1970). Wig-more further asserts that the scope of cross-examination in determining bias be the “largest possible”. 3A Wigmore, Evidence § 944 (Chadbo.urn rev. 1970).
In the instant case defendant was attempting to show that his arrest and prosecution was the result of malice towards him from the victim, her father and perhaps her uncle based upon an incident which occurred in 1975. The malice is direct and personal to the defendant and could be construed to influence or color the testimony of the witnesses. State v. Lewis, 328 So.2d 75 (La.1976).
The majority holds that this is not reversible error because the victim was not aware that her uncle had been incarcerated. The majority derives this opinion from the one statement in the record by the victim that she was not aware of the incarceration. This is insufficient. It is not sufficient that the word of one witness be accepted to establish that that witness not be examined to determine whether the witness is biased. The witness’s assertion that she is not aware of the potentially biassing circumstance, standing alone, should not be allowed to prohibit defendants from investigating a potentially biassing circumstance.